# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL NO. 3:12CV190-GCM-DSC

| | |
|---|---|
| JACQUELINE D. TEETER,<br>      Plaintiff, | )<br>)<br>) |
| vs. | )   **MEMORANDUM AND RECOMMENDATION**<br>)                       **OF REMAND** |
| MICHAEL J. ASTRUE,<br>Commissioner of Social<br>Security Administration,<br>      Defendant. | )<br>)<br>)<br>)<br>) |

**THIS MATTER** is before the Court on Plaintiff's "Motion for Summary Judgment" (document #11) and "Memorandum in Support ..." (document #12), both filed July 30, 2012; and Defendant's "Motion For Summary Judgment" (document #15) and "Memorandum in Support ..." (document #16), both filed September 16, 2012. This case has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B), and these Motions are now ripe for disposition.

Having considered the written arguments, administrative record, and applicable authority, the undersigned finds that Defendant's decision to deny Plaintiff Social Security disability benefits is <u>not</u> supported by substantial evidence. Accordingly, the undersigned respectfully recommends that Plaintiff's Motion for Summary Judgment be <u>granted</u>; that Defendant's Motion for Summary Judgment be <u>denied</u>; that the Commissioner's decision be <u>reversed</u>, and that this matter be <u>remanded</u> for further proceedings consistent with this Memorandum and Recommendation.

## I. PROCEDURAL HISTORY

On June 10, 2009, Plaintiff filed an application for a period of disability, Social Security

Disability Benefits ("DIB"), and Supplemental Security Income ("SSI"), alleging that she was unable to work as of April 1, 2006, due to seizures, memory loss, diabetes, high blood pressure, anemia, stomach tumors, and migraine headaches. (Tr. 178). Plaintiff's claim was denied initially and on reconsideration.

Plaintiff requested a hearing, which was held on January 18, 2011.[1] The Administrative Law Judge ("ALJ") heard testimony from a Vocational Expert ("VE"). The VE testified that Plaintiff's previous positions as a warehouse worker, cleaner, and fast food worker were unskilled jobs. The ALJ presented the VE with the following hypothetical:

> Assume we have a hypothetical person who is the same age, education and work background as the claimant. Assume that the person is capable of the full range of medium work. There should be no concentrated exposure to hazards such as moving machinery or unprotected heights. There should be no commercial driving. That person is limited to unskilled work. With this residual functional capacity, can any of the past work be performed?

(Tr. 61). The VE answered that given those limitations, Plaintiff would be able to perform her past relevant work as a cleaner and fast food worker. (Id.).

On March 2, 2011, the Administrative Law Judge ("ALJ") issued a decision denying Plaintiff's claim. The ALJ found that Plaintiff had not engaged in substantial gainful activity since her alleged onset date. (Tr. 27). The ALJ found that Plaintiff suffered from a seizure disorder, headaches, and a history of substance abuse, which were severe impairments within the meaning of the regulations, but did not meet or equal any listing in 20 C.F.R. Pt. 404, Subpt. P, App. 1. (Tr. 27-29).

The ALJ next found that Plaintiff retained the Residual Functional Capacity ("RFC")[2] to

---

[1] At the hearing, Plaintiff amended her alleged onset date to September 3, 2008.

[2] The Social Security Regulations define "Residual Functional Capacity" as "what [a claimant] can still do despite his limitations." 20 C.F.R. § 404.1545(a). The Commissioner is required to "first assess the nature and extent of [the claimant's] physical limitations and then determine [the claimant's] residual functional capacity for

perform medium work,[3] but that she should avoid commercial driving and concentrated exposure to hazards such as moving machinery or unprotected heights. The ALJ also found that <u>she was limited to simple, routine, repetitive tasks</u>. (Tr. 36). (emphasis added). Based on this RFC, the ALJ concluded that Plaintiff was capable of performing her past relevant work as a cleaner and fast food worker.

Having found that Plaintiff could perform her past relevant work, the ALJ determined that she was not disabled.

Plaintiff filed a timely Request for Review of Hearing Decision. On February 7, 2012, the Appeals Council denied Plaintiff's request for review, making the hearing decision the final decision of the Commissioner.

Plaintiff filed this action on March 26, 2010. On appeal, Plaintiff contends, inter alia, that the ALJ failed ask the VE a proper hypothetical question. Plaintiff's "Brief in Support ..." at 11-12 (document #12). Plaintiff argues that in formulating her RFC, the ALJ limited her to "simple, routine, repetitive tasks," but failed to include that limitation in the hypothetical he posed to the VE.

The parties' cross-motions for summary judgment are ripe for disposition.

## II. STANDARD OF REVIEW

The Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3), limits this Court's review of a final decision of the Commissioner to: (1) whether substantial evidence supports the

---

work activity on a regular and continuing basis." 20 C.F.R. § 404.1545(b).

[3]"Medium" work is defined in 20 C.F.R. § 404.1567(c) as follows:
Medium work involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds. If someone can do medium work, we determine that he or she can also do sedentary and light work.

Commissioner's decision, Richardson v. Perales, 402 U.S. 389, 390, 401 (1971); and (2) whether the Commissioner applied the correct legal standards. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990); see also Hunter v. Sullivan, 993 F.2d 31, 34 (4th Cir. 1992) (per curiam). The district court does not review a final decision of the Commissioner de novo. Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986); King v. Califano, 599 F.2d 597, 599 (4th Cir. 1979); Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972).

As the Social Security Act provides, "[t]he findings of the [Commissioner] as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). In Smith v. Heckler, 782 F.2d 1176, 1179 (4th Cir. 1986), quoting Richardson v. Perales, 402 U.S. 389, 401 (1971), the Fourth Circuit defined "substantial evidence" thus:

> Substantial evidence has been defined as being "more than a scintilla and do[ing] more than creat[ing] a suspicion of the existence of a fact to be established. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."

See also Seacrist v. Weinberger, 538 F.2d 1054, 1056-57 (4th Cir. 1976) ("We note that it is the responsibility of the [Commissioner] and not the courts to reconcile inconsistencies in the medical evidence").

The Fourth Circuit has long emphasized that it is not for a reviewing court to re-weigh the evidence, nor to substitute its judgment for that of the Commissioner, assuming the Commissioner's final decision is supported by substantial evidence. Hays, 907 F.2d at 1456; see also Smith v. Schweiker, 795 F.2d at 345; and Blalock v. Richardson, 483 F.2d at 775. Indeed, this is true even if the reviewing court disagrees with the outcome – so long as there is "substantial evidence" in the record to support the final decision below. Lester v. Schweiker, 683 F.2d 838, 841 (4th Cir. 1982).

### III. DISCUSSION OF CLAIM

The question before the ALJ was whether Plaintiff became "disabled" at any time as that term of art is defined for Social Security purposes.[4] Defendant contends that the ALJ's failure to include Plaintiff's limitation to simple, routine, repetitive tasks in his hypothetical to the VE was insignificant because he expressly limited her to unskilled work. Defendant's "Memorandum in Support ..." at 6-9 (document #16).

Vocational expert testimony must be based upon a consideration of all the evidence in the record and must also address a proper hypothetical question that fairly sets forth each of the claimant's impairments. Bennett v. Callahan, 964 F.Supp. 939, 955 (D. Md. 1997), citing Walker v. Bowen, 889 F2d 47, 50-51 (4th Cir. 1989) ("It is well accepted that in order for a vocational expert's opinion to be relevant or helpful . . . it must be in response to proper hypothetical questions which fairly set out all of [a] claimant's impairments.")

Defendant invites the Court to conclude that a limitation to unskilled work is synonymous with a limitation to simple, routine, repetitive tasks. There is no indication in the record that the VE or the ALJ reached such a conclusion. As Plaintiff argues, the Court previously considered the identical issue and held that the ALJ's conclusion that Plaintiff could perform her past relevant work was not supported by substantial evidence. Houston v. Astrue, 3:10CV470-MOC-DSC "Memorandum of Decision" at 4 (document #21) (W.D.N.C. Oct. 2011) ("agree[ing] with the finding of the magistrate judge that the hypothetical posed to the VE did not include all of the limitations as found by the ALJ" and adopting Memorandum and Recommendation of Remand).

---

[4]Under the Social Security Act, 42 U.S.C. § 301, et seq., the term "disability" is defined as an:
inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months. . . . .
Pass v. Chater, 65 F. 3d 1200, 1203 (4th Cir. 1995).

As discussed above, it is not the place of a reviewing court to reconsider the evidence. See Hays, 907 F.2d at 1456. The ALJ's conclusion that Plaintiff could perform her past relevant work is not supported by substantial evidence. At the next hearing, the ALJ should include all of Plaintiff's limitations in any hypothetical posed to the VE.

## IV. RECOMMENDATIONS

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that Plaintiff's "Motion For Summary Judgment" (document #11) be **GRANTED**; that Defendant's "Motion for Summary Judgment" (document #15) be **DENIED**; that the Commissioner's decision be **REVERSED**; and this matter be **REMANDED** for a new hearing pursuant to Sentence Four of 42 U.S.C. § 405(g).[5]

## V. NOTICE OF APPEAL RIGHTS

The parties are hereby advised that, pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within fourteen (14) days after service of same. Failure to file objections to this Memorandum with the District Court constitutes a waiver of the right to de novo review by the District Judge. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005); Wells v. Shriners Hosp., 109 F.3d 198, 201 (4th Cir. 1997); Snyder v. Ridenour, 889 F.2d 1363, 1365 (4th Cir. 1989). Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140, 147 (1985); Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Wells, 109 F.3d at 201; Wright v. Collins,

---

[5]Sentence Four authorizes "a judgment affirming, modifying, or reversing the decision ... with or without remanding the cause for a rehearing." Sullivan v. Finkelstein, 496 U.S. 617, 625 (1990).

766 F.2d 841, 845-46 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation of Remand to counsel for the parties; and to the Honorable Graham C. Mullen.

**SO RECOMMENDED AND ORDERED.**

Signed: October 19, 2012

David S. Cayer
United States Magistrate Judge