IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:12-CV-190-GCM

| | |
|---|---|
| JACQUELINE D. TEETER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **ORDER** |
| MICHAEL J. ASTRUE, COMMISSIONER ) | |
| OF SOCIAL SECURITY ) | |
| ) | |
| Defendant. ) | |
| ) | |

**THIS MATTER** is before the Court upon the Plaintiff's Motion for Summary Judgment (Doc. No. 11); on the Defendant's Motion for Summary Judgment (Doc. No. 15); and on the Memorandum and Recommendation of the Honorable David S. Cayer, United States Magistrate Judge, (Doc. No. 17) regarding the disposition of those motions. The parties were advised that pursuant to 28 U.S.C. § 636(b)(1)(C), written objections to the memorandum and recommendation must be filed within 14 days after service of the memorandum. On November 1, 2012, Defendant submitted a timely objection to the Memorandum and Recommendation, (Doc. No. 18) and Plaintiff filed her reply on the same day (Doc. No. 19).

**I.      Applicable Standard**

The Federal Magistrate Act provides that "a district court shall make a *de novo* determination of those portions of the report or specific proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *Camby v. Davis*, 718 F.2d 198, 200 (4 Cir. 1983). However, "when objections to strictly legal

1

issues are raised and no factual issues are challenged, *de novo* review of the record may be dispensed with." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). Similarly, *de novo* review is not required by the statute "when a party makes general or conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations." *Id.* Moreover, the statute does not on its face require any review at all of issues that are not the subject of an objection. *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Camby*, 718 F.2d at 200. Nonetheless, a district judge is responsible for the final determination and outcome of the case.

## II. Discussion

After a careful review of the magistrate judge's recommendation on the parties' motions, the court finds that the magistrate judge correctly determined that the matter should be remanded for a new hearing pursuant to Sentence Four of 42 U.S.C. § 405(g). In the Memorandum and Recommendation, Judge Cayer found that the ALJ's conclusion that the plaintiff could perform her past relevant work was not supported by substantial evidence because the hypothetical posed to the VE did not set forth all of the limitations found by the ALJ. The magistrate, therefore, recommended that the plaintiff's motion for summary judgment be granted; that the defendant's motion for summary judgment be denied; that the Commissioner's decision be reversed; and that the matter be remanded for a new hearing pursuant to Sentence Four of 42 U.S.C. § 405(g).

Because the defendant has objected to the findings of the magistrate judge, this court conducts a *de novo* review. At the administrative hearing, the ALJ presented a hypothetical to the VE in which he limited a hypothetical claimant to the full range of medium work. The ALJ also limited his hypothetical claimant to "no concentrated exposure to hazards such as moving machinery or unprotected heights[]"; no commercial driving; and to unskilled work. (Tr. 61). The VE testified that, given the limitations in the hypothetical posed by the ALJ, Plaintiff would be able to perform her past relevant work as a cleaner and fast food worker. (Id.).

The ALJ subsequently found that the plaintiff retained the residual functional capacity ("RFC") to perform medium work, but that she should avoid commercial driving and concentrated exposure to hazards such as moving machinery or unprotected heights. The ALJ also found that she was limited to simple, routine, repetitive tasks. (Tr. 36). The ALJ concluded that Plaintiff was capable of performing her past relevant work as a cleaner and fast food worker. Magistrate Judge Cayer noted in the Memorandum and Recommendation that the ALJ did not include in the hypothetical to the VE, however, that the plaintiff was limited to simple, routine, repetitive tasks. The magistrate judge noted that defendant "invites the Court to conclude that a limitation to unskilled work is synonymous with a limitation to simple, routine, repetitive tasks," but the magistrate judge concluded that "there is no indication in the record that the VE or the ALJ reached such a conclusion." (M & R p. 5). For this reason, the magistrate judge recommended that the matter be remanded and stated that, "[a]t the next hearing, the ALJ should include all of

3

Plaintiff's limitations in any hypothetical he poses to the VE." (*Id.*) In the Defendant's objections, the Defendant contends that the Magistrate Judge erroneously asserted that a limitation to "simple, routine, repetitive tasks" is inconsistent with a limitation to "unskilled work" absent any explanation as to why such terms are not interchangeable and that even if there is a practical difference between a limitation to "unskilled work" and "simple, routine, repetitive tasks," such a disparity would be harmless as Plaintiff can perform the jobs identified by the VE with either a limitation to "simple, routine, repetitive tasks or a limitation to "unskilled work."

The court agrees with the finding of the magistrate judge that the hypothetical posed to the VE did not include all of the limitations as found by the ALJ.[1] Accordingly, the court hereby **ACCEPTS** Judge Cayer's recommendation that a new hearing is appropriate. In sum, consistent with this Order and the recommendation of the magistrate judge, a new hearing is appropriate for the limited purpose of allowing the ALJ to resubmit a hypothetical to the VE that includes all of the plaintiff's limitations.

### III.   ORDER

**IT IS, THEREFORE, ORDERED** that the Plaintiff's Motion for Summary

---

[1] The Court notes Defendant's position that in this case, unlike *Houston v. Astrue*, 3:10cv470-MOC-DSC, there is no additional limitation in the ALJ's RFC determination that was not present in the hypothetical question to the VE. Instead, Defendant contends that the only disparity between the ALJ's RFC and hypothetical question to the VE concerns "word choice" ("simple, routine, repetitive tasks" in RFC and "unskilled" work in the hypothetical question to the VE). (Doc. No. 18 at 3). The Court cautions that the ALJ should be careful and consistent in his choice of words in his hypothetical to the VE and in his RFC determination to be certain that the VE understands the limitations on the hypothetical claimant.

4

Case 3:12-cv-00190-GCM-DSC   Document 20   Filed 11/06/12   Page 4 of 5

Judgment (#12) is **GRANTED** in part and **DENIED** in part in that the matter will be remanded for a new hearing, the defendant's motion for summary judgment (#15) is **DENIED**, and the case is remanded for a new hearing pursuant to Sentence Four of 42 U.S.C. § 405(g).

The Clerk of Court is instructed to prepare a judgment consistent with this Order.

Signed: November 6, 2012

Graham C. Mullen
United States District Judge